After members of the Cambridge police department executed a search warrant at the defendant's residence, a grand jury returned indictments charging the defendant with various drug and firearm offenses. A Superior Court jury convicted the defendant of the narcotics violations (possession of heroin with the intent to distribute and a related school zone offense) and acquitted him on the remaining firearm charges. On appeal, he challenges the sufficiency of the evidence and claims that certain remarks made by the prosecutor in his closing argument were errors that created a substantial risk of a miscarriage of justice. We affirm.
1. Sufficiency of the evidence. The defendant argues that his motion for a required finding of not guilty should have been allowed because the Commonwealth's evidence was not sufficient to prove an intent to distribute. The evidence, he claims, was equally consistent with possession for personal use as with possession with the intent to distribute.
Here, the police seized .14 grams of heroin from a prescription pill bottle found in a box inside the top drawer of a dresser in the defendant's bedroom. Although the quantity of heroin is small, the Commonwealth presented sufficient evidence from which the jury could have inferred an intent to distribute. That evidence, which we view in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979), established that, during two months of surveillance of the defendant's residence, the police observed vehicular and pedestrian activity indicative of a drug distribution scheme. In addition, other items commonly used to prepare and package drugs for distribution were found in the defendant's bedroom. A box of plastic sandwich bags and a pair of scissors, see Commonwealth v. Eller, 66 Mass. App. Ct. 564, 574 (2006) (evidence of intent to distribute included, among other items, box of plastic sandwich bags), a digital scale, see Commonwealth v. Hamilton, 83 Mass. App. Ct. 406, 413 (2013) (evidence of intent to distribute included, "most particularly," digital scale), and "cuff sheet" containing names of "people who owe, ... the amount of bags, [and] the amount of money," see Commonwealth v. St. George, 89 Mass. App. Ct. 764, 766, 769 (2016) (evidence of intent to distribute included a cuff sheet showing names and money owed), were among the items seized during the execution of the search warrant. The presence of a stun gun and a canister of pepper spray found close to the heroin permitted the inference that the defendant was protecting himself and his business of selling drugs. The Commonwealth's expert, Detective Robert Hall, testified that, based on the facts presented, possession of .14 grams of heroin is consistent with an intent to distribute. Lastly, although there was some evidence of the presence of straws which could be used to ingest heroin, there were no needles, spoons with residue, or other paraphernalia associated with personal use. See Commonwealth v. Gaston, 86 Mass. App. Ct. 568, 574-575 (2014). While we agree that the evidence of distribution was not overwhelming, it was sufficient to convict the defendant of possession with the intent to distribute heroin.
2. Closing argument. The defendant contends that the prosecutor misstated the evidence during his closing argument on two occasions. The defendant did not object and therefore we review any error for a substantial risk of miscarriage of justice. See Commonwealth v. Freeman, 352 Mass. 556, 563-564 (1967). First, the defendant challenges the basis for the statement, "[W]hen you see scales that are being used for drug dealing, you're not going to see residue on the scale itself." Second, the defendant claims that the prosecutor's remark referring to the box of plastic sandwich bags as a "damning" piece of evidence and his suggestion to the jury that there is no "reasonable explanation" for the presence of the plastic sandwich bags, the scissors, and the scale in the same bedroom where the heroin was found exceeded the bounds of proper argument.
The comments were not improper.[2] To the contrary, they were grounded in the evidence, and even if the prosecutor did engage in some hyperbole, there was no error that would have created a substantial risk of a miscarriage of justice. See Commonwealth v. Lugo, 89 Mass. App. Ct. 229, 233 (2016). The judge twice instructed the jury that closing arguments are not evidence, and we presume that the jury followed those instructions. See Commonwealth v. Gonzalez, 465 Mass. 672, 681 (2013).
Judgments affirmed.

Although we conclude that the comments challenged on appeal were proper, we note that the prosecutor's statement that there was no explanation for the presence of the box of plastic sandwich bags, the scissors, and the scale sailed close to the boundary of improper argument by suggesting, albeit vaguely, that the defendant had the burden of providing an explanation for the presence of these items. The better course would have been to focus on the use of these items in a drug distribution scheme.